IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEVAUGHN WILLIAMS, | ) | Civil Action No. 2:22-cv-85 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAILWORKS TRACK SERVICES, INC. | ) | *ELECTRONICALLY FILED* |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

To:  The Honorable Judges of the United States District Court
for the Western District of Pennsylvania

Defendant Railworks Track Services, Inc., in accordance with the applicable Federal Rules of Civil Procedure and Title 28 of the United States Code §§ 1331, 1332, 1441, and 1446, files this Notice of Removal and removes the action entitled "*DeVaughn Williams v. RailWorks Track Services, Inc.*, Case No. 11687 of 2021" that was originally filed in the Court of Common Pleas of Beaver County, Commonwealth of Pennsylvania, to the United States District Court for the Western District of Pennsylvania. Removal of this action is based upon the following:

### BACKGROUND

1. Plaintiff DeVaughn Williams instituted this action in the Court of Common Pleas of Beaver County, Commonwealth of Pennsylvania, by filing a Complaint on December 16, 2021. A copy of the Complaint filed by Plaintiff in the state-court action is attached as Exhibit A.

2. Plaintiff mailed Defendant a copy of the Complaint on December 17, 2021 via regular United States Mail and it was received by Defendant on December 22, 2021.

3. Defendant has not, to date, filed an answer or other pleading in the Court of Common Pleas of Beaver County.

## VENUE

4. The Court of Common Pleas of Beaver County, where Plaintiff's Complaint was filed, is within this Court's District. This action is therefore properly removable to this Court under 28 U.S.C. § 1446(a).

## REMOVAL IS PROPER
## BASED ON DIVERSITY OF CITIZENSHIP

5. Federal courts have jurisdiction in all matters where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(3)

*A.  Complete Diversity*

6. Plaintiff is a citizen of the Commonwealth of Pennsylvania. *See* Exh. A, Complaint, ¶ 1.

7. Defendant RailWorks Track Services, Inc. is an Indiana corporation with a principal place of business in New Jersey.

8. As such, for the purposes of diversity jurisdiction, Defendant is deemed to be a citizen of Indiana and New York.

9. Because Plaintiff and Defendant are citizens of different States, complete diversity exists. 28 U.S.C. § 1332(a)(3).

*B.  Amount in Controversy*

10. Where, as here, the complaint does not specify an amount in controversy, a defendant seeking removal need only show by a preponderance of evidence that the relief requested exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2). The defendant need not provide an exact

calculation, rather removal is proper where a Defendant can show that a reasonable probability of jurisdiction exists. *Frederico v. Home Depot*, 507 F.3 188, 196 n.6 (3d Cir. 2007).

11. In this case, Plaintiff seeks to represent a potential class that may include more than 150 hourly employees of Defendant who worked during the past three years on a project constructing a 380-acre petrochemical facility in Monaca, Pennsylvania, commonly referred to as the "Shell Cracker Plant." Exh. A, Complaint, ¶¶ 5, 12.

12. The hourly wage rate for the potential class ranges between approximately $24 per hour and $58 per hour; this corresponds to overtime rates between $36 per hour and $87 per hour.

13. Plaintiff claims that the class is owed overtime pay for hours spent, *inter alia*, waiting for shuttle buses at employee parking lots, riding shuttle buses to and from employee parking lots, walking to an assigned facility/lunch area where protective equipment is donned, donning the protective equipment, walking or riding to an assigned work location within the facility, and repeating these actions in the reverse at the end of each work shift. Exh. A, Complaint, ¶¶ 10-11.

14. Upon information and belief, and without waiving any defenses or arguments, Defendant estimates that such activities could reasonably take up to an hour each day.

15. Using an average overtime rate of $61.50 per hour, one additional hour of overtime pay per day for 150 employees would amount to nearly $2.4 million for one year.

16. Because Plaintiff seeks to represent a class of employees who worked for Defendant at the Shell Cracker Plant for the past three years, and continuing through the present, the amount in controversy in this action could exceed $7 million.

17. As such, the amount in controversy requirement is satisfied. 28 U.S.C. § 1332(a)(3).

## REMOVAL IS PROPER
## BASED ON THE CLASS ACTION FAIRNESS ACT

18. Federal district courts also have original jurisdiction over class actions when (1) there are at least 100 members of the class; (2) there is minimal diversity, i.e., any member of the class of plaintiffs is a citizen of a different state from any defendant; and (3) the amount in controversy, as aggregated across all individual claims, exceeds the sum or value of $5 million (exclusive of interest and costs). 28 U.S.C. § 1332(d).

19. As set forth above, this purported class action meets the requirements of Section 1332(d): (1) there are at least 100 members of the class; (2) there is minimal diversity because Plaintiff and Defendant are citizens of different states; and (3) the amount in controversy, as aggregated across all individual claims, exceeds $5 million.

## REMOVAL IS PROPER
## BASED ON FEDERAL QUESTION JURISDICTION

20. Pursuant to 28 U.S.C. § 1331, district courts have original jurisdiction over all actions arising under federal law.

21. The Court has original jurisdiction over this action because the resolution of Plaintiff's unpaid overtime claims requires interpretation of collective bargaining agreements ("CBAs") governing Plaintiff's employment with Defendant. Defendant has attached copies of the relevant CBAs as Exhibit B.

22. The CBAs, among other things, address hours of work, work time and duties, rates of pay, compensable time, overtime compensation, and premium pay credited to overtime. *See id.*

23. As such, the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a), preempts Plaintiff's claims for unpaid overtime because the claim rests on duties, obligations, and

rights created by a collective bargaining agreement or substantially depends on analysis of the terms of a collective bargaining agreement.

24. Section 301(a) of the LMRA completely preempts state law claims based on or requiring interpretation of a collective bargaining agreement. *Antol v. Esposto*, 100 F.3d 1111 (3d Cir. 1996); *cf. Pennsylvania Fed'n of Bhd. of Maint. Of Way Employees v. Nat'l R.R. Passenger Corp.*, 989 F.2d 112, 114-15 (3d Cir. 1993) (Pennsylvania Minimum Wage Act claim preempted because determining whether certain duties occur during working hours required interpretation of the parties' collective bargaining agreement).

## COMPLIANCE WITH PROCEDURAL REQUIREMENTS

25. Based on the date of Plaintiff's mailing of the Complaint, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b), in that Defendant has removed within 30 days of receipt of the Complaint from which Defendant could ascertain that this action is removable.

26. Copies of all process, pleadings, orders, and other papers or exhibits of every kind currently on file in the Court of Common Pleas of Beaver County, Commonwealth of Pennsylvania, are attached to this Notice of Removal as Exhibit C, in accordance with 28 U.S.C. § 1446(a).

27. Upon filing this Notice of Removal, Defendant will provide a written notification to Plaintiff and will file a Notice of Filing of Notice of Removal with the clerk of the Court of Common Pleas of Beaver County, Commonwealth of Pennsylvania. A copy of the Notice of Filing of Notice of Removal is attached as Exhibit D (without exhibits).

28. Defendant files this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief can be granted, and without conceding that Plaintiff is entitled to any damages against Defendant in any amount.

WHEREFORE, Defendant requests that the United States District Court for the Western District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Allegheny County, Commonwealth of Pennsylvania and direct that the Court of Common Pleas have no further jurisdiction over this matter.

Dated:  January 14, 2022

Respectfully submitted,

JACKSON LEWIS P.C.

*/s/ Emily E. Town*
Stephanie J. Peet
PA ID No. 91744
stephanie.peet@jacksonlewis.com
Emily E. Town
PA ID No. 309881
emily.town@jacksonlewis.com
Liberty Center, Suite 1000
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 232-0404
(724) 923-4160 *facsimile*

*Counsel for Defendant*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| DEVAUGHN WILLIAMS, | ) | |
| | ) | Civil Action No. _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RAILWORKS TRACK SERVICES, INC. | ) | *ELECTRONICALLY FILED* |
| | ) | |
| Defendant. | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2022, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and have provided a courtesy copy to Plaintiff's counsel of record at the following address, via email:

Timothy Conboy, Esq.
Conboy Law, LLC
733 Washington Road, Suite 201
Pittsburgh, PA 15228
tim@conboylaw.com

Peter Winebrake, Esq.
R. Andrew Santillo, Esq.
Winebrake & Santillo, LLC
715 Twinging Road, Suite 211
Dresher, PA 19025
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

/s/ Emily E. Town
Emily E. Town