IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DeVAUGHN WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-85 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | |
| RAILWORKS TRACK SERVICES, INC. | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

The Court preliminary approved the Parties' settlement on August 28, 2023 (Doc. 18).  In accordance with the Order Granting Plaintiff's Renewed Unopposed Motion for Preliminary Approval of Settlement and Other Related Relief, the Settlement Class has been given notice of the terms of the Settlement.  Additionally, the 109 members of the Class have been given the opportunity to object to the Settlement or to exclude themselves from its provisions.

With no objections, Plaintiffs now seek final approval of the Settlement.  Having considered Plaintiff's Unopposed Motion for Certification of the Settlement Class, Final Approval of the Settlement, and Other Associated Relief (Doc. 19); the Class Action Settlement Agreement ("Agreement") (Doc. 19-1); the Declaration of R. Andrew Santillo (Doc. 19-2), the Affidavit of Timothy Conoy (Doc. 19-3); the Memorandum of Law (Doc. 20); the representations and arguments of counsel during the January 9, 2024 fairness hearing and all other papers and proceedings herein, it is hereby ORDERED as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** comprised of the 108 individuals who: (i) are listed in Exhibit A to the Agreement; and (ii) have not excluded

themselves from the settlement.[1]  The Court finds that the settlement class satisfies Federal Rule of Civil Procedure 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Rule 23(b)(3) additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

2. The settlement requires Defendant RailWorks Track Services, Inc. (now known as RailWorks Track Services LLC ("Defendant")) – who continues to vigorously contest any liability – to pay a total amount of $69,592.02 to be distributed as follows: (i) $44,592.02 will be paid to the 108 Class Members who have not excluded themselves in the amounts described in Exhibit A to the Agreement;[2] (ii) a $3,000.00 service award will be paid to Named Plaintiff DeVaughn Williams ("Plaintiff"); and (iii) $22,000.00 will be paid to class counsel to cover attorneys' fees and expenses (including all settlement administration expenses).  The Court finds the settlement fund to be "fair, reasonable and adequate," Fed. R. Civ. P. 23(e)(2), and, therefore **APPROVES** the settlement.  This finding is supported by the evidence and arguments presented by Plaintiff in the Motion and accompanying documents and during the January 9, 2024 fairness

---

[1] One (1) Class Member (Kristen Paulick) has submitted a timely request for exclusion from the settlement, which resulted in a $407.98 reduction to the original gross settlement of $70,000.00 to $69,592.02.

[2] *See* n.1.

hearing.  In particular, the record establishes that all of the criteria described in Rule 23(e)(2) favor approval.

3.  The Court **APPROVES** the payment of a $3,000.00 service award to Plaintiff.

4.  The Court **APPOINTS** the law firm of Winebrake & Santillo, LLC and Conboy Law, LLC to serve as class counsel.  The record demonstrates that these firms are qualified to serve as class counsel under the criteria described in Rule 23(g)(1)(A).

5.  The Court **APPROVES** the payment of $22,000.00 to class counsel.  As evidenced by the sworn statements of R. Andrew Santillo and Timothy Conboy, $2,325.46 of this amount will reimburse class counsel for litigation expenses.  The remaining $19,674.54 will be paid to class counsel as attorneys' fees.  This fee payment – which amounts to approximately $28% of the total $69,592.02 settlement fund – falls within the range of fund fee awards often approved by courts in the Court of Appeals for the Third Circuit for wage and hour class/collective action settlements.  *See* Jordan v. Passavant Mem'l Homes, 2022 U.S. Dist. LEXIS 70216, *4 (W.D. Pa. Apr. 13, 2022); *see also e.g.*, Copley v. Evolution Well Services Operating, LLC, 2023 U.S. Dist. LEXIS 23452 (W.D. Pa. Feb. 10, 2023); Kapolka v. Anchor Drilling Fluids USA, LLC, 2019 U.S. Dist. LEXIS 182359 (W.D. Pa. Oct. 22, 2019).  In addition, the fee award is supported by the factors described in Gunter v. Ridgewood Energy Corp., 223 F.3d 190, 193 n.1 (3d Cir. 2000) and In re Prudential Insurance Company America Sales Practice Litig., 148 F.3d 283 (3d Cir. 1998).  *See* Kapolka, 2019 U.S. Dist. LEXIS 182359, at *17-18 (listing factors).

6.  This action is **DISMISSED WITH PREJUDICE**, although the Court will continue to maintain jurisdiction over the enforcement of the settlement.

**IT IS SO ORDERED**.

January 9, 2024                              s/Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via ECF email notification):
All Counsel of Record